Citation Nr: 1702643 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 04-12 532 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to service connection for prostate cancer, to include as due to exposure to ionizing radiation.

2. Entitlement to service connection for bladder cancer, to include as due to exposure to ionizing radiation.


REPRESENTATION

Appellant represented by: Amrit K. Sidhu, Attorney-at-Law


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

L. Zobrist, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from February 1954 to December 1957. The matter of service connection for prostate cancer comes before the Board of Veterans' Appeals (Board) on appeal from an August 2002 rating decision of the Cleveland, Ohio, Department of Veterans Affairs (VA) Regional Office (RO) that, inter alia, denied service connection for prostate cancer; it is currently before the Board on remand from the United States Court of Appeals for Veterans Claims (Court). 

This case was previously before the Board in November 2006, when it was remanded (by an Acting Veterans Law Judge (VLJ)) for additional development, and in August 2007 (by a VLJ who is no longer with the Board), when it was denied. The Veteran appealed the adverse August 2007 Board decision to the Court, resulting in a September 2009 Memorandum Decision vacating the August 2007 Board decision and remanding the matter for readjudication consistent with the instructions outlined in the Memorandum Decision. The VLJ who is no longer with the Board again remanded the matter for additional development in March 2010. The case has been reassigned to the undersigned. 

In June 2007, a videoconference Board hearing was held before the VLJ who is no longer with the Board; a transcript of that hearing is in the record. As the VLJ who presided at a hearing must participate in the decision on the claim (38 U.S.C.A. § 7107(c); 38 C.F.R. § 20.707), the Veteran was offered the opportunity for another hearing before the VLJ who would decide his case. By letter dated in June 2015, his attorney waived his right to such hearing.

The matter of service connection for bladder cancer is before the Board on appeal from a January 2012 rating decision of the Jackson, Mississippi, RO. In his October 2014 substantive appeal, the Veteran requested a Travel Board hearing on the matter of service connection for bladder cancer. In an April 2015 written correspondence, his attorney withdrew such request. The Veteran's claims file is now in the jurisdiction of the Portland, Oregon, RO.

Both matters remaining on appeal were before the Board in September 2015, when they were remanded by the undersigned for additional development. (The September 2015 Board decision also denied service connection for left kidney disability. That matter was not appealed to the Court, and it is no longer in appellate status.)

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action on his part is required.


REMAND

The Board is well aware these matters have been previously remanded, and that the issue of service connection for prostate cancer has been in appellate status since 2004 (and regrets the delay in final adjudication that is inherent with a remand). Nonetheless, because there has not been substantial compliance with the previous remand instructions, another remand is necessary. See Stegall v. West, 11 Vet. App. 268 (1998) (Where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance.)

In the September 2015 remand, the Board directed that AOJ to obtained a medical nexus opinion from an oncologist. This was not done. Thus, these matters must be remanded, once again, for completion of the action previously sought. 

Accordingly, the case is REMANDED for the following:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Forward the Veteran's claims file to an oncologist for review and an advisory medical opinion. Based on review of the record, the examiner should provide opinions that respond to the following:

(a) Is the Veteran's prostate or bladder cancer as least as likely as not (50% or better probability) related to exposure to ionizing radiation in service?

(b) If the response to (a) as to either cancer is negative, is it as least as likely as not (50% or better probability) that such cancer is otherwise related to his active service? If not, please identify the etiological factor considered more likely.

In responding, the examiner must address correspondence received in October 2014, including a family medical/cancer history, and the Veteran's contention that his cancers must be related to his active service because there is no history of prostate/bladder cancer in his family and his twin has not been diagnosed with any cancers. 

The examiner must fully explain the rationale for all opinions, citing to supporting factual data as appropriate. 

3. The AOJ should then review the record and re-adjudicate the claims. If either remains denied, the AOJ should issue an appropriate supplemental statement of the case, afford the Veteran and his attorney opportunity to respond, and return the case to the Board.
The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).